IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CLYDE WILKINS, <br><br>        Plaintiff, <br><br>    v. <br><br> ANDREW M. SAUL, Commissioner, Social Security, <br><br>        Defendant. | CIVIL ACTION NO.: 5:19-cv-83 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff contests the decision of Administrative Law Judge Geoffrey S. Casher ("the ALJ" or "ALJ Casher") denying his claim for a Period of Disability and Disability Insurance Benefits. Plaintiff urges the Court to reverse and remand the ALJ's decision. Doc. 13 at 26. Defendant asserts the Commissioner's decision should be affirmed. Doc. 14 at 23. For the reasons which follow, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**BACKGROUND**

Plaintiff filed an application for a Period of Disability and Disability Insurance Benefits on April 25, 2016, alleging an onset date of March 13, 2016, for back, knee, and mental health issues. Doc. 9-3 at 10 (R. 72); Doc. 9-5 at 2 (R. 199); Doc. 9-6 at 6 (R. 212). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On May 10, 2018, ALJ Casher held a hearing at which Plaintiff, who was represented by counsel, appeared and testified. Doc. 9-2 at 38 (R. 37). Kim Edwards Bennett, a vocational expert, also

appeared at the hearing.  Id.  ALJ Casher found Plaintiff was not disabled within the meaning of the Social Security Act ("the Act").  Id. at 20 (R. 19).  The Appeals Council granted Plaintiff's request for review of the ALJ's decision and denied Plaintiff's claim for Social Security benefits, affirming the ALJ's findings.  Id. at 5–8 (R. 4–7).

Plaintiff, born on July 16, 1982, was 37 years old when ALJ Casher issued his final decision and 33 years old on his alleged disability onset date.  Doc. 9-3 at 11 (R. 73).  He has a 10th grade education.  Doc. 9-2 at 45 (R. 44); Doc. 9-6 at 7 (R. 213).  Plaintiff's past relevant work experience includes pressure washing and washing cars.  Doc. 9-6 at 7 (R. 213).

## DISCUSSION

### I.   The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity."  Id.  If the claimant is engaged in substantial gainful activity, then benefits are immediately denied.

Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Id. at 140–41.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled.  Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform his past relevant work.  Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013).  A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite his impairments."  Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).  If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience.  Phillips, 357 F.3d at 1239.  Disability benefits will be awarded only if the claimant is unable to perform other work.  Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since the application date, April 25, 2016.  Doc. 9-2 at 25 (R. 24).  At step two, ALJ Casher determined Plaintiff had the following severe impairments: schizoaffective

3

disorder, antisocial personality disorder, degenerative disc disease of lumbar spine, osteoarthritis of the right knee with degenerative joint disease and chondromalacia, dorsalgia, intermittent explosive disorder, and personality disorder.  Id. at 26 (R. 25).  At the third step, the ALJ determined Plaintiff's impairment did not meet or medically equal the severity of a listed impairment.  Id.  The ALJ found Plaintiff has the residual functional capacity to perform work at the light exertional level, with the following exceptions: he would be able to lift and carry 20 pounds occasionally and 10 pounds on a frequent basis; stand, walk six hours of an eight-hour workday with six or more hours of seated work; no more than right lower extremity pedal controls; no more than occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs; he cannot climb ladders, ropes, and scaffolds; no exposure to the extreme heat or cold; no exposure to vibration; no exposure to hazards such as unprotected heights, moving mechanical parts, or uneven surfaces; no jobs where alcohol or drugs are served, manufactured, or produced; he is limited to unskilled, routine, repetitive tasks involving no more than simple short instructions requiring minimal work-related decisions with few workplace changes; he can have no more than occasional interaction with coworkers, supervisors, and the public; and he cannot perform production rate pace assembly-line type work.  Id.  At the next step, the ALJ determined Plaintiff could not perform his past work.  Id. at 31 (R. 30).  The ALJ concluded at the fifth and final step Plaintiff could perform the jobs of marker, routing clerk, and cleaner/housekeeper, all of which are unskilled jobs at the light exertional level and which exist in significant numbers in the national economy.  Id. at 31–32 (R. 30–31).

II.     **Issues Presented**

Plaintiff asserts two enumerations of error: (1) the ALJ did not properly weigh the examining physician's medical opinion; and (2) the ALJ did not resolve apparent conflicts

between the vocational expert's testimony of Plaintiff's abilities and the <u>Dictionary of Occupational Titles</u> ability requirements.  Doc. 13 at 4.

### III.    Standard of Review

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards.  <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991); <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990).  A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner.  <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence.  <u>Id.</u>

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved.  The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion.  <u>Ingram v. Comm'r of Soc. Sec. Admin.</u>, 496 F. 3d 1253, 1260 (11th Cir. 2007).  The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence.  <u>Dyer</u>, 395 F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards.  Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification.  <u>Cornelius</u>, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct

legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision.  <u>Wiggins v. Schweiker</u>, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* <u>Lane v. Astrue</u>, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

**IV.     Whether the ALJ Properly Weighed Dr. Agarwal's Testimony at Step Four**

Plaintiff argues ALJ Casher did not properly weigh Dr. Mukesh Agarwal's opinion when the ALJ stated Dr. Agarwal's conclusions were inconsistent with his examination findings. Doc. 13 at 10 (citing Doc. 9-2 at 30 (R. 29)).  Further, the ALJ's failure to articulate his reason for issuing an opinion inconsistent with Dr. Agarwal's findings and objective evidence leaves his decision unexplained.  <u>Id.</u>  Thus, Plaintiff asks this Court to remand the case so the ALJ may reweigh Dr. Agarwal's opinion.  <u>Id.</u>

Defendant acknowledges the ALJ is required to evaluate and weigh the medical source opinions of record.  Doc. 14 at 11.  Defendant argues, however, Dr. Agarwal was a one-time examiner whose opinion was entitled to no special deference or consideration.  <u>Id.</u>  Moreover, Defendant asserts ALJ Casher properly considered and weighed Dr. Agarwal's opinion when he assigned it limited weight.  <u>Id.</u> at 11–12.  Though Defendant acknowledges the ALJ erred when noting Dr. Agarwal found Plaintiff had a full range of motion in all extremities, he argues such error was harmless because it did not affect the ALJ's ultimate determination.  <u>Id.</u> at 12.  The error is harmless, according to Defendant, because the generally normal findings provided substantial evidence to support the ALJ's decision to give limited weight to Dr. Agarwal's opinion that Plaintiff could only sit, stand, and walk for only four hours in an eight-hour day.  <u>Id.</u> (citing Doc. 9-2 at 30; Doc. 9-7 at 23 (R. 29, 331)).  Additionally, Defendant argues other evidence throughout the record supports the ALJ's finding, as adopted by the Appeals Council,

Plaintiff could perform a reduced range of light work. Id. at 13–15. Additionally, Plaintiff cannot point to a lack of substantial evidence supporting ALJ Casher's findings, as required. Id. at 15–16.

The ALJ gave limited weight to Dr. Mukesh Agarwal's opinion, finding his opinion not consistent with the objective findings on exam. Doc. 9-2 at 30 (R. 29). Dr. Agarwal examined Plaintiff once in 2016 but was not Plaintiff's treating physician, doc. 9-7 at 19–20 (R. 320–21), and, therefore, his medical opinion is not entitled to substantial or considerable weight. Battles v. Comm'r, Soc. Sec, Admin., 749 F. App'x 920, 923 (11th Cir. 2018). However, the opinions of examining physicians are generally given more weight than non-examining physicians unless "good cause" is shown.[1] 20 C.F.R. § 404.1527(d); Poellnitz v. Astrue, 349 F. App'x 500, 502 (11th Cir. 2009). Good cause exists to discredit a physician's testimony when it is contrary to or unsupported by the evidence of record or it is inconsistent with the physician's own medical records. Poellnitz, 349 F. App'x at 502 (citing Phillips v. Barnhart, 357 F.3d 1232, 1240–41 (11th Cir. 2004)); see also Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (finding good cause exists to discount a treating physician's opinion when it is not bolstered by the evidence, supported a contrary finding, or the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records).

Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). Put differently, to properly discredit a treating or examining physician's opinion, the ALJ must

---

[1] Notably, "[t]he opinions of non-examining, reviewing physicians, when contrary to the opinions of the examining physicians, are entitled to little weight." Fleming v. Comm'r Soc. Sec. Admin., 550 F. App'x 738, 739 (11th Cir. 2013).

articulate specific reasons for doing so, and those reasons must be supported by substantial evidence. Poellnitz, 349 F. App'x at 502; see also O'Bier v. Comm'r of Soc. Sec. Admin., 338 F. App'x 796, 798 (11th Cir. 2009) ("The ALJ must state with particularity the weight given the different medical opinions and the reasons therefor.") (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). Indeed, an ALJ may entirely discredit an examining physician's opinion, but he or she must explain themselves accordingly. Turner v. Colvin, No. 1:12-cv-2220, 2013 WL 5411685, at *5 (N.D. Ala. Sept. 26, 2013) (citing Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985)).

Where the record contains incompatible medical opinions relating to a claimant's allegedly disabling conditions, then the ALJ's obligation to specify the weight given to such differing proof becomes more important. Hayes v. Colvin, No. 4:12-cv-809, 2013 WL 4804222, at *8 (N.D. Ala. Sept. 6, 2013) (citing Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985); Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). The ALJ's duty does not end at merely assigning weight to conflicting opinions. If the ALJ finds an examining physician's opinion is inconsistent with the record as a whole, he must "explicitly set forth his rationale for doing so"; the "failure to explain how [an examining physician's] opinion [is] inconsistent with the medical evidence renders review impossible and remand is required." Paltan v. Comm'r of Soc. Sec., No. 6:07-cv-932, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) (internal punctuation omitted) (citing Sharfarz, 825 F.2d 278). Similarly, an ALJ lacks good cause to reject an opinion if he merely isolates certain portions of a medical opinion without taking those portions in context.[2] See Fleming v. Comm'r, Soc. Sec. Admin., 550 F. App'x 738, 740 (11th

---

[2] In Sharfarz, a treating doctor opined the claimant was "totally incapable" of substantial gainful employment based on "generalized severe osteoarthritis with pain and limitation of motion in multiple joints." Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987). Nevertheless, the ALJ rejected the doctor's opinion based on a medical report from one specific day where the doctor reported the claimant

8

Cir. 2013) (citing Sharfarz, 825 F.2d at 280). "While an ALJ is not required to summarize the entire record in his or her decision to support his or her findings, a physician's opinion regarding [p]laintiff's limitations cannot be discredited by simply citing to partial references to the physician's notes, which taken in isolation and out of context, contradict the overall opinion of the same physician." Sherwood v. Berryhill, No. 8:16-cv-2762, 2018 WL 1341743, at *5 (M.D. Fla. Feb. 27, 2018) (citing Dyer, 395 F.3d at 1210–11; Fleming, 550 F. App'x at 740).

The ALJ did identify the weight he gave to the medical opinion of Dr. Agarwal and provided reasons for the weight assigned. However, the ALJ's reasons do not provide good cause for assigning limited weight to Dr. Agarwal's opinion.

In his decision, the ALJ referenced Dr. Agarwal's medical opinion, noting "Dr. Mukesh Agarwal opined [Plaintiff] could sit, stand, and walk for four hours in an eight-hour workday." Doc. 9-2 at 30 (R. 29). The ALJ granted Dr. Agarwal's opinion "limited weight," because:

> The physical exam findings showed [Plaintiff] had 5/5 upper and lower extremity strength, and there was no need for a case, as the claimant had full range of motion in extremities but positive straight leg raise. X-rays of the lumbar spine were benign. . . . Overall, . . .[Dr. Agarwal's] opinion is not consistent with the objective findings on exam, which showed good range of motion and strength.

Id. First, the ALJ misstates Dr. Agarwal's findings. Dr. Agarwal found Plaintiff had a limited range of motion in his neck, back, legs, hips, and knees. Doc. 9-7 at 22–23 (R. 323–24). Additionally, the ALJ does not explain how Dr. Agarwal's opinion is "not consistent with the objective findings on exam" other than pointing to Plaintiff's lumbar x-ray results and strength

---

was "significantly better," had decreased pain, a paraspinal muscle spasm had resolved, and the doctor instructed the claimant to use Motrin and return on an as needed basis. Id. The Eleventh Circuit Court of Appeals held this was not good cause to discount the doctor's opinion because the "significantly better" statement and accompanying notes referred to the claimant's condition on the preceding visit, when the claimant had exacerbated pain and could not walk without assistance, and the doctor opined seven months after that visit the claimant was still incapable of working. Id.

9

findings and erroneously to Plaintiff's range of motion findings. Given the only accurate support the ALJ provides is the lumbar x-ray results and strength findings, the ALJ seems to conclude Dr. Agarwal's opinion Plaintiff can only "sit, stand, and walk four hours in an eight hour work day" is inconsistent with this examination findings of normal strength and negative lumbar x-ray results.

The inconsistency between Dr. Agarwal's opinion and findings is impossible to discern from the ALJ's terse treatment. For example, it is impossible to tell how Dr. Agarwal's opinion about Plaintiff's limitations is inconsistent with findings about his strength and x-ray results. Moreover, the variability of the evidence concerning some of these symptoms highlights the need for clarity in the ALJ's explanation of the weight given to the medical opinions. Consider, for example, Plaintiff's x-ray results. As evidence Dr. Agarwal's opinion conflicts with the record, the ALJ refers to Dr. Agarwal's finding that Plaintiff's lumbar x-ray results were normal in concluding Plaintiff could perform a reduced range of light work. Yet, the ALJ does not address Dr. Agarwal's functional assessment findings the MRI suggests back issues, even though the x-ray is unremarkable. Doc. 9-7 at 30 (R. 331).

The ALJ's statement that Dr. Agarwal's opinion is not consistent with his own findings is similarly unavailing. To support his decision to give Dr. Agarwal's opinion little weight, the ALJ notes Plaintiff did not need a cane to walk. But, in doing so, the ALJ ostensibly ignores other relevant portions of Dr. Agarwal's opinion. For instance, the full text description of Plaintiff's movement reads, "Claimant walks without any assistive device. He has short, slow steps. He has initial difficulty getting up and off chair." Doc. 9-7 at 24 (R. 325). Of the remaining "inconsistency" cited by the ALJ, "5/5 upper and lower extremity strength," the Court

10

does not find this "inconsistency" provides good cause to give only limited weight to Dr. Agarwal's examining opinion concerning Plaintiff's ability to stand, sit, and walk.

The ALJ's conclusory statement that Dr. Agarwal's opinion was not consistent with the medical evidence, absent further explanation or citation to specific evidence, and in light of these disparities in the record, impedes the Court's review of his decision and obscures his rationale. The Court cannot determine whether the ALJ properly discredited Dr. Agarwal's opinion if the ALJ does not better explain how his opinions are inconsistent with the record by citing to substantial medical evidence in the record. See, e.g., Stroman v. Astrue, 08-22881-CV, 2009 WL 3669640, at *3 (S.D. Fla. Nov. 4, 2009) (holding ALJ failed to clearly articulate the reasons for rejecting treating physician's opinion when ALJ noted "opinion was contrary to other medical evidence, but did not specify what that evidence was," and noted "opinion was inconsistent with [treating physician's] treatment notes but did not specify how that was the case").

To be clear, the Court takes no stance on the correctness of Dr. Agarwal's opinion, and the Court is not suggesting the ALJ must, or should, grant his opinions any weight, let alone substantial weight. Dyer, 395 F.3d at 1210 ("[The court] may not decide facts anew, reweigh the evidence, or substitute [the court's] judgment for that of the Commissioner."). Rather, if the ALJ discredits the opinion of the physician, he must provide an adequate explanation of his reasons for doing so. Without such guidance from the ALJ, the Court is unable to exercise meaningful judicial review.

Accordingly, I **RECOMMEND** the Court **REMAND** the case to the Commissioner for further consideration. Given my recommendation, the Court declines to address Plaintiff's remaining enumeration of error. Doc. 13 at 15–21.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).  This remand under sentence four would terminate this Court's jurisdiction over the matter.  Therefore, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA