# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

CLYDE WILKINS,                          *
                                        *
            Plaintiff,                  *          CIVIL ACTION NO.: 5:19-cv-83
                                        *
      v.                                *
                                        *
ANDREW M. SAUL, Commissioner of         *
Social Security Administration,         *
                                        *
            Defendant.                  *

## O R D E R

The Court has conducted an independent and de novo review of the entire record and concurs in part with the Magistrate Judge's Report and Recommendation. Dkt. No. 16. The Court has additionally considered the Commissioner's Objections to the Report and Recommendation, as well as Plaintiff's Response to those Objections. Dkt. Nos. 17, 19. For the reasons set forth below, the Court **OVERRULES** the Commissioner's Objections and **ADOPTS in part** the Magistrate Judge's Report and Recommendation as the opinion of the Court.

The Commissioner argues the Magistrate Judge inappropriately applied the "good cause" standard to the Administrative Law Judge's ("ALJ") decision to give the opinion of Dr. Agarwal, an examining physician, limited weight. The

AO 72A
(Rev. 8/82)

Commissioner has a point.  The Magistrate Judge ostensibly required the ALJ to demonstrate "good cause," which may have been more than necessary for giving reduced weight to the opinion of an examining physician.  Precedent in this Circuit supports the Commissioner's contention that an ALJ's decision to discount an examining physician's opinion need only be supported substantial evidence.  See Tredik v. Comm'r of Soc. Sec. Admin., 826 F. App'x 840, 845 (11th Cir. 2020).  However, there is support for a contrary proposition.  For example, in Russell v. Astrue, the Eleventh Circuit Court of Appeals stated, "[T]he ALJ had good cause to determine that [the examining physician's] opinion should be given little weight, and that more weight should be given to his physical exam findings and the plaintiff's other medical records."  331 F. App'x 678, 682 (11th Cir. 2009).  Thus, as at least one district court observed, the Eleventh Circuit implies in Russell the decision to discredit the opinion of an examining physician requires "good cause." Ramage v. Colvin, No. 5:15-cv-296, 2016 WL 1696377 (M.D. Ga. Mar. 25, 2016).

However, it is not necessary for the Court to resolve whether the ALJ's decision to give Dr. Agarwal's opinion had to be supported by "good cause."  As explained below, when considering medical opinions, an ALJ must state with particularity the weight given to the opinion and the reasons

therefor.  In this case, the ALJ's stated reasons for giving limited weight to Dr. Agarwal's opinion are not stated with sufficient particularity and are fundamentally flawed, such that the Court cannot determine whether substantial evidence supports that decision.  Because the Court does not need to resolve whether "good cause" was required here, it declines to address the issue further.  To the extent the Magistrate Judge recommended "good cause" was required in this case, the Court declines to adopt that portion of the Report.

I.   **Standard for Considering the Opinion of an Examining Physician**

The Court agrees with and adopts the Magistrate Judge's conclusion that Dr. Agarwal was an examining physician and not a treating physician.  Dkt. No. 16, p. 7 ("Dr. Agarwal examined Plaintiff once in 2015 but was not Plaintiff's treating physician . . . .").  As the Magistrate Judge explained, Dr. Agarwal is a one-time examiner; therefore, the ALJ need not defer to his opinion.  <u>Crawford v. Comm'r Of Soc. Sec</u>., 363 F.3d 1155, 1160 (11th Cir. 2004) (holding, in general, the opinion of a one-time examining physician is "not entitled to great weight" (citing <u>McSwain v. Bowen</u>, 814 F.2d 617, 619 (11th Cir. 1987))).

An ALJ is required to consider every medical opinion.  <u>See</u> 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating "[r]egardless of its source, we will evaluate every medical opinion we receive").

However, an ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." McCloud v. Barnhart, 166 F. App'x 410, 418-19 (11th Cir. 2006). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." Gaskin v. Comm'r Soc. Sec., 533 F. App'x 929, 931 (11th Cir. 2013) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)); Randolph v. Astrue, 291 F. App'x 979, 982 (11th Cir. 2008) (citations omitted) ("The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence.").

The ALJ's duty to articulate the weight assigned to a medical opinion and the reasons therefor applies equally to treating and non-treating physicians. McClurkin v. Soc. Sec. Admin., 625 F. App'x 960, 962 (11th Cir. 2015) (citing Winschel, 631 F.3d at 1179). If the ALJ fails to articulate the weight accorded or his reasoning for doing so, the Court "cannot determine whether substantial evidence supports the ALJ's decision." Denomme v. Comm'r, Soc. Sec., 518 F. App'x 875, 877 (11th Cir. 2013) (citing Winschel, 631 F.3d at 1179); McClurkin, 625 F. App'x at 962 (holding the ALJ's failure to explain his grounds for discounting an examining physician's report is reversible error). The ALJ must state with particularity the

4

weight given to different medical opinions and the reasons for his finding; the failure to do so is reversible error. _Winschel_, 631 F.3d at 1179.  The ALJ's stated reasons must be legitimate and supported by substantial evidence in the record. _Tavarez v. Comm'r of Social Security_, 638 F. App'x 841, 847 (11th Cir. 2016) (finding the "ALJ did not express a legitimate reason supported by the record for giving [the consulting physician's] assessment little weight"); _see also Russell v. Astrue_, 331 F. App'x 678, 681 (11th Cir. 2009) (holding no error because "the ALJ articulated specific, cogent reasons for discrediting the opinion of the examining physician").

Stated differently, regardless of whether the opinion is from a treating, examining, or non-examining source, the ALJ must state the weight assigned to each medical opinion and articulate the reasons supporting the weight assigned. _Winschel_, 631 F.3d at 1179.  The failure to state the weight with particularity or articulate legitimate and supported reasons for assigning that weight prohibits the Court from determining whether the ALJ's ultimate decision is supported by substantial evidence.  _Id._

Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." _Miles v. Chater_, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing _Bloodsworth v. Heckler_, 703 F.2d 1233, 1239 (11th

Cir. 1983)); <u>Ingram v. Comm'r of Soc. Sec. Admin</u>., 496 F. 3d 1253, 1260 (11th Cir. 2007) (explaining the evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion). Substantial evidence is more than a scintilla but less than a preponderance of evidence. <u>Dyer v. Barnhart</u>, 395 F.3d 1210, 1210 (11th Cir. 2005).

## II. The ALJ's Explanation for Assigning Limited Weight to Dr. Agarwal's Opinion Precludes Meaningful Review

In light of the legal standards set forth above, the Court cannot conclude the ALJ's decision to assign Dr. Agarwal's opinion limited weight is supported by substantial evidence. Dr. Agarwal opined Plaintiff could only sit, stand, and walk for four hours in an eight-hour workday. The ALJ gave this opinion "limited weight," providing the following explanation:

> [T]he physical exam findings showed the claimant had 5/5 upper and lower extremity strength, and there was no need for a cane, as the claimant had full range of motion in extremities but positive straight leg raise. X-rays of the lumbar spine were benign. Overall, undersigned gives Dr. Agarwal limited weight, as his opinion is not consistent with the objective findings on exam, which showed good range of motion and strength.

Dkt. No. 9-2, p. 30. In other words, the ALJ assigned limited weight to Dr. Agarwal's opinion because the opinion was not consistent with Dr. Agarwal's objective findings on exam, findings that concerned only Plaintiff's range of motion and strength.

AO 72A
(Rev. 8/82)

The ALJ's statement concerning range of motion is simply incorrect. Dr. Agarwal found Plaintiff had a limited range of motion in his neck, back, legs, hips, and knees. Dkt. No. 9-7, pp. 22-23. Dr. Agarwal did not find—as the ALJ stated—Plaintiff "showed good range of motion" or had a "full range of motion in [his] extremities." The Commissioner concedes the ALJ was wrong on this portion of the record. Dkt. No. 17, p. 5. Thus, one of the ALJ's primary reasons for giving Dr. Agarwal's opinion less weight was factually incorrect.

Regarding Plaintiff's strength, the ALJ gets Dr. Agarwal's exam findings correct (i.e., normal strength), but he does not explain how this finding is inconsistent with Dr. Agarwal's opinion on Plaintiff's limitations on sitting, standing, and walking for prolonged periods of time. Indeed, an individual can have normal strength but still have limitations on maintaining a single posture for extended periods of time. The ALJ's conclusory statement provides no insight into his reasons for assigning limited weight here.

Thus, the Court agrees with the Magistrate Judge the ALJ's stated reasons for assigning Dr. Agarwal's opinion limited weight are inadequate for the Court to conduct a meaningful review. The reasons consist of one factually incorrect statement about Dr. Agarwal's exam findings and one terse, superficial conclusion about Plaintiff's strength.

7

In his Objections, the Commissioner argues: (1) there were other "inconsistencies" that supported the ALJ's decision to assign Dr. Agarwal's opinion limited weight, and the ALJ's decision was generally supported by substantial evidence; (2) any factual errors by the ALJ were harmless; (3) the ALJ was not required to discuss every aspect of Dr. Agarwal's examination findings; (4) examinations by other physicians demonstrate Plaintiff had a full range of motion; and (5) the ALJ properly considered the opinion of Dr. Burge, a state agency reviewer, who determined Dr. Agarwal's opinion should be given moderate weight.   Dkt. No. 17.

First, as explained above, the Court cannot conclude the ALJ's decision concerning Dr. Agarwal's opinion is supported by substantial evidence due to other "inconsistencies."   Regarding the two reasons expressed by the ALJ, one was factually incorrect, and the other was a terse, superficial conclusion. The Commissioner argues there were other "inconsistencies" between Dr. Agarwal's opinion and his exam findings, but the ALJ did not expressly rely on these other inconsistencies in deciding to give limited weight to Dr. Agarwal's opinion, and the Court cannot now entertain a *post hoc* rationale the ALJ could have utilized. Dempsey v. Comm'r of Soc. Sec., 454 F. App'x 729, 733 (11th Cir. 2011) (explaining a court cannot

AO 72A
(Rev. 8/82)

affirm an ALJ's decision based on unexpressed *post hoc* rationale which might have supported the ALJ's conclusion).

The Commissioner is correct the ALJ mentioned some other findings, including a benign x-ray, a lack of need for a cane, and a positive straight leg. However, it is not clear from the ALJ's decision the ALJ concluded these findings were material or even "inconsistencies," given that the ALJ only pointed to inconsistencies related to Plaintiff's range of motion and strength. Furthermore, as the Magistrate Judge explained, if the ALJ did rely on these findings, the reliance constitutes impermissible reliance on only supportive findings while disregarding contrary evidence. Dkt. No. 16, pp. 10-11; see, e.g., Ledwick v. Colvin, No. 3:12-cv-1120, 2013 WL 5421954, at *5 (M.D. Fla. Sept. 26, 2013) (remanding because the court could not conclude if substantial evidence supported the ALJ's decision to give little weight to an examining physician's opinion, where the ALJ relied on isolated portions of testimony and failed to indicate whether he considered contradictory testimony); Reeves v. Astrue, Civil Action No. 2:08cv655, 2010 WL 1381002, at *10 (M.D. Ala. Mar. 31, 2010) ("The ALJ's failure to mention or consider contrary medical records, let alone articulate reasons for disregarding them, is reversible error."). The ALJ's decision merely identifies a few isolated findings (misstating one entirely) and ignores Dr. Agarwal's

other contrary findings.  Consequently, the ALJ's explanation
for giving Dr. Agarwal's opinions limited weight precludes the
Court from finding the ALJ's decision is supported by
substantial evidence.

Second, the Commissioner argues the ALJ's factual error was
harmless because the error did not impact his conclusion.  The
Court disagrees.  The ALJ put obvious and significant emphasis
on Dr. Agarwal's finding Plaintiff had a good range of motion,
but Dr. Agarwal never made that finding.  There is nothing in
the record to demonstrate the ALJ would have reached the same
conclusion, regardless of his error.  See, e.g., Figueroa v.
Comm'r of Soc. Sec., No. 617CV2170, 2018 WL 4126534, at *4 (M.D.
Fla. Aug. 14, 2018) (concluding the ALJ's reliance on
mischaracterization of testimony was reversible, not harmless,
error), *report and recommendation adopted*, 2018 WL 4110541 (M.D.
Fla. Aug. 29, 2018).

Third, the Commissioner contends the ALJ was not required
to discuss every aspect of Dr. Agarwal's exam findings and
relies on Dyer v. Barnhart, 395 F.3d 1210, 1210 (11th Cir.
2005), for support.  However, in McClurkin, the Eleventh Circuit
explained the ALJ has a heightened duty to discuss his reasons
for discounting medical opinions under Winschel and noted Dyer
concerned only to the ALJ's obligations to discuss every piece
of objective evidence.  625 F. App'x at 962-63.  While the ALJ

10

in this case was not required to discuss every piece of objective evidence, he did have a heightened duty to discuss medical opinions.  Here, the factually incorrect and superficial reasons provided by the ALJ related to Dr. Agarwal's opinion fail to satisfy that heightened duty, precluding meaningful review.

Fourth, regarding the Commissioner's reliance on other examinations in the record, the ALJ's decision does not contain any indication he was relying on those other examinations to assign Dr. Agarwal's opinion limited weight.  Rather, the ALJ is exclusively focused on inconsistencies between Dr. Agarwal's opinion and his examination findings on range of motion and strength.  To assume the ALJ relied on other examinations in the record when the ALJ did not expressly refer to those examinations would constitute an impermissible *post hoc* rationale.  Dempsey, 454 F. App'x at 733 (explaining a court cannot affirm an ALJ's decision based on unexpressed *post hoc* rationale which might have supported the ALJ's conclusion).

The Commissioner's fifth and final argument is the ALJ properly considered the opinion of Dr. Burge, a state agency reviewer, and that reviewer recommended Dr. Agarwal's opinion should be given only moderate weight.  While the ALJ does make a reference to Dr. Burge elsewhere in the decision, he does not make any reference to Dr. Burge in determining what weight to

AO 72A
(Rev. 8/82)

give Dr. Agarwal's opinion.  It may be the ALJ did, in fact, rely on Dr. Burge's assessment in giving reduced weight, but that is not apparent from the ALJ's decision.  It would be an impermissible *post hoc* rationalization to justify the ALJ's decision to give Dr. Agarwal's opinion less weight on this basis.  Dempsey, 454 F. App'x at 733.

The Commissioner's arguments do not support affirmance of the ALJ's decision.  Rather, remand is appropriate in this case because the Court is unable to conclude the ALJ's decision to assign limited weight to Dr. Agarwal's opinion is supported by substantial evidence.  See Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) ("Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'"); Bell v. Colvin, Case No. 3:15-cv-743, 2016 WL 6609187, at *5 (M.D. Ala. Nov. 7, 2016) (remanding for further consideration where the ALJ provided insufficient reasons for giving little weight to an examining physician's opinion); Bayne v. Comm'r of Soc. Sec., No. 6:14-cv-260, 2015 WL 1456665, at *3 (M.D. Fla. Mar. 30, 2015) (same).

AO 72A
(Rev. 8/82)

Accordingly, the Court **ADOPTS in part** the Magistrate Judge's Report and Recommendation as the opinion of the Court and **OVERRULES** the Commissioner's Objections.  Dkt. No. 17.  The Court **REMANDS** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

SO **ORDERED**, this _____ day of _____, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

13

AO 72A
(Rev. 8/82)