# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

CLYDE WILKINS;

    Plaintiff,

v.

ANDREW SAUL, Commissioner of
Social Security,

    Defendant.

CV 519-083

## ORDER

Plaintiff Clyde Wilkins moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 22. Plaintiff requests $9,935.10 in attorney's fees. Id. The Commissioner does not dispute that fees should be awarded but opposes the amount Plaintiff requests. Dkt. No. 23. Plaintiff replied in opposition. Dkt. No. 24. This motion is ripe for review.

## LEGAL AUTHORITY

The Court may award attorney's fees under the EAJA upon a showing that: (1) the claimant is a prevailing party, (2) the Government's position was not substantially justified, (3) the claimant's application was timely filed, (4) the claimant's net worth was less than $2 million when the complaint was filed, and (5) no circumstances make the award unjust. See 28 U.S.C.

§ 2412(d). The fee award must also be reasonable. Id. § 2412(d)(2)(A).

**DISCUSSION**

The Commissioner does not dispute that Plaintiff satisfied the first five requirements under § 2412(d). See Dkt. No. 23. The Commissioner does dispute, however, the reasonableness of the hours claimed by Plaintiff's counsel. See id.

"[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1306 (11th Cir. 1988). The Court should exclude hours found to be "excessive, redundant, or otherwise unnecessary." Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

The Court is an "expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303. The Court must exercise its independent judgment when reviewing a claim for hours reasonably expended. Id. at 1301-02. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for

2

making these determinations.'" Vilano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001).

In this matter, Plaintiff was represented by Charles Martin, George Piemonte, and Laura Beth Walker.[1] Mr. Martin billed 3.8 hours at an average rate of $206.84; Mr. Piemonte billed 2.8 hours at an average rate of $207.90; and Ms. Walker billed 41.2 hours at an average rate of $207.94. In sum, Plaintiff requests an award of $9,935.10 in attorney's fees for 47.8 hours of legal work.

The issues in this appeal were not novel or complex. Plaintiff argued that the Administrative Law Judge's ("ALJ") weighing of medical opinions was not supported by substantial evidence and the ALJ did not resolve conflicts with the Dictionary of Occupational Titles before relying on vocational testimony. Dkt. No. 13. The first issue required approximately six pages of argument; the second issue also required six pages of argument. See id. Plaintiff's entire reply brief is six pages. Dkt. No. 15. The Court finds that 47.8 hours is excessive and should be reduced. See ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought[.]"); see also

---

[1] See Doc. 22-5 at 2-3 (showing attorney Charles Martin has forty-four years of Social Security experience); Doc. 22-6 at 1-2 (showing attorney George Piemonte has over thirty years of Social Security experience); Doc. 22-7 at 1-2 (showing attorney Laura Beth Walker with over ten years of Social Security experience).

3

Huntley v. Comm'r of Soc. Sec., No. 6:12cv613, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013) (stating that "an award in excess of thirty hours [in social security cases] is uncommon").

The Court notes that Plaintiff's counsel spent 1.3 hours drafting a procedural history that contains only two sentences, one hour drafting the complaint which contains only two and one-half pages of mostly boilerplate language, and between approximately five to nine hours proofreading and editing. Dkt. No. 22-3 at 1, 2. Though these charges do not trigger a line-by-line critique of each billed task and its corresponding time, they do signal an overall lack of billing judgment. Accord Lucas-Williamson v. Saul, No. 6:14cv1185, 2019 WL 6792458, at *2 (M.D. Fla. Nov. 6, 2019) (finding plaintiff's seeking attorney time for non-compensable tasks "signal an overall lack of billing judgment").

For these reasons, an across-the-board cut is appropriate. See id. at *1-2. Plaintiff's requested attorney's fees award of $9,935.10 should be reduced by 25% to $7,451.33, which is reasonable compensation for the work performed.

The Court **ORDERS** as follows:

1) Plaintiff should be awarded $7,451.33 in attorney's fees.

2) The United States Department of the Treasury should determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal

debt, the Government should accept Plaintiff's assignment of EAJA fees and pay the fees awarded directly to Plaintiff's counsel.

**SO ORDERED**, this 9 day of July, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA